UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EUGENE BURRELL, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:16-CV-00023-ERW |
|  | ) |  |
| MICHAEL BOWERSOX, | ) |  |
|  | ) |  |
| Respondent(s). | ) |  |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Eugene Burrell's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1.

## BACKGROUND

In 2011, Petitioner Eugene Burrell ("Petitioner") was convicted by a jury of Murder in the Second Degree, Armed Criminal Action, and Unlawful Use of a Weapon. Tr. Pg. 756:4-14.[1] Petitioner was sentenced to 30 years on Count 1 of Murder, 30 years on Count 2 of Armed Criminal Action, and 4 years on Count 3 of Unlawful Use of a Weapon, all to run concurrently. Tr. pg. 775:1-6. Petitioner appealed his convictions to the Missouri Court of Appeals, Eastern District, and his convictions were affirmed. *See State v. Burrell*, 377 S.W.3d 615 (Mo. App. E.D. 2012). Petitioner filed a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 29.15. ECF No. 1-3 at pgs. 34-44. The PCR motion court denied Petitioner's claims and the court's decision was affirmed by the appellate court. Petitioner subsequently filed a PCR motion pursuant to Missouri Supreme Court Rule 91. ECF No. 12-11. The PCR motion court denied Petitioner's claim.

---

[1] Tr. refers to the trial transcript, filed at ECF No. 12-2.

1

The Missouri Court of Appeals, Eastern District, described Petitioner's convictions as follows:

> . . . on the night of August 25, 2010, Movant and Justin Young (Victim) were involved in an altercation outside of Movant's house. The two men exchanged words and a fist fight ensued. Police arrived, spoke with the men, and told everyone to go home. A short time later, Victim walked back to Movant's house and threw a brick at his window, breaking it. Immediately thereafter, Movant came out the front door armed with a .357 Rossi revolver and fired several shots at Victim, striking him three times in the abdomen and hip. Victim staggered backwards across the street and collapsed on the ground. Movant then walked over to where the victim was lying motionless on the ground and struck him twice on the head with the gun, causing a skull fracture. Victim died a short time later from his injuries.

ECF No. 12-10 at pgs. 2-3.[2]

## I. STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

---

[2] These facts are taken directly from the Court of Appeals' Memorandum affirming Petitioner's conviction on appeal from the PCR court's denial. A state court's determination of a factual issue shall be presumed to be correct. 28 U.S.C. §2254(e).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) citing (*Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## II. DISCUSSION

Petitioner asserts the following nine claims in his petition: (1) the trial court abused its discretion in granting the State's motion in limine to exclude Petitioner's evidence of the prior criminal history of the victim; (2) the trial court erred in precluding Petitioner from introducing his videotaped statement to police at trial; (3) the trial court erred in precluding Petitioner from introducing his 911 call at trial; (4) Petitioner was denied due process and effective assistance of counsel when his trial counsel failed to offer an instruction for voluntary manslaughter; (5) Petitioner was denied due process and effective assistance of counsel when his trial counsel failed to offer a modified version of the self-defense jury instruction; (6) Petitioner was denied due process and effective assistance of counsel when his trial counsel failed to make an offer of proof to admit Petitioner's videotaped police statement into evidence at trial; (7) Petitioner was denied due process and effective assistance of counsel when his trial counsel failed to make an offer of proof to admit Petitioner's 911 call into evidence at trial; (8) Petitioner was denied due

3

process and effective assistance of counsel when his trial counsel failed to inform him of a letter regarding plea negotiations; and (9) Petitioner was denied due process and effective assistance of counsel when his PCR counsel failed to raise the issue Petitioner's trial counsel had a conflict of interest which violated his Sixth Amendment rights. The Court will address each claim as follows.

  *A.*  *Non-Cognizable Claims - Claims 1,2, and 3*

In his first three claims, Petitioner asserts the trial court improperly failed to admit three pieces of evidence: (1) the victim's past criminal acts; (2) Petitioner's videotaped statement to police; and (3) Petitioner's 911 call regarding the incident. All three are questions rooted in state evidentiary law.

The United States Supreme Court held "federal habeas corpus relief does not lie for errors of state law" and "it is not [the] province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) quoting (*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) and citing (*Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition. *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990); *Johnson v. Steele*, No. 4:11CV01022 SNLJ, 2014 WL 4627174, at *7 (E.D. Mo. Sept. 12, 2014). Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004) citing (*Estelle*, 502 U.S. at 68).

"A state court's evidentiary ruling is a matter of state law, and we may examine the ruling in a habeas petition only to determine whether the asserted error denied due process." *Bailey v. Lockhart*, 46 F.3d 49, 50 (8th Cir. 1995). "A state court's evidentiary rulings can form

the basis for habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Osborne*, 411 F.3d at 917 quoting (*Parker v. Bowersox*, 94 F.3d 458, 460 (8th Cir. 1996)). To constitute a due process violation, an evidentiary mistake must be "so egregious that [it] fatally infected the proceedings and rendered [petitioner's] entire trial fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). The Supreme Court recognized, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. *Lannert v. Jones*, 321 F.3d 747, 754-55 (8th Cir. 2003) citing (*Crane v. Kentucky,* 476 U.S. 683, 690 (1986)). However, the right to introduce favorable evidence is not without limit. *Id.* at 754 citing (*Taylor v. Illinois*, 484 U.S. 400, 410 (1988)). A petitioner has a heavy burden to show a due process violation. *Id.* at 754 (citation omitted). A petitioner must establish their right to have a jury consider the evidence is a "fundamental principle of justice." *Id.*

Petitioner has failed to meet this heavy burden. He fails to submit an argument or authority relating to a due process violation. Petitioner focuses his argument on state evidentiary law which is not the scope of this Court's review. Claims 1, 2, and 3 will be dismissed.

  B.  *Claim 4 – Lesser Offense*

In his fourth claim, Petitioner contends he was given ineffective assistance of counsel when his trial counsel failed to request a lesser offense be included in the instructions. Specifically, Petitioner claims competent counsel would have included the lesser offense of voluntary manslaughter, because the facts of the case strongly indicated Petitioner acted with sudden passion arising from adequate cause. This claim was raised in both Petitioner's PCR motion and in his appeal from denial of his PCR motion.

The PCR appellate court affirmed the motion court's denial, finding:

> The decision by counsel to employ an "all-or-nothing" defense strategy has consistently been upheld as reasonable trial strategy. Here, it is apparent from the record that trial counsel elected to pursue an "all-or nothing" strategy based on self-defense. This is evident from Movant's trial testimony that he shot the victim because the victim was following him and Movant was "scared" and "in fear of [his] life." During closing arguments, defense counsel argued that Movant was "innocent" of the charged offense because he shot the victim in self-defense. Requesting a voluntary manslaughter instruction would have been inconsistent with Movant's self-defense theory, and counsel had no duty to request an instruction that would have undermined the entire defense theory presented at trial. Had the jury believed that Movant shot the victim in self-defense, the jury could have acquitted him of the charged offense. Thus, notwithstanding that the jury ultimately found Movant guilty of second-degree murder, the decision to request an outright acquittal over a conviction for a lesser offense was reasonable trial strategy. The motion court did not clearly err in denying this claim.

ECF No. 12-10 at pg. 9 (citations omitted).

The PCR motion court and the appellate court correctly applied federal law in denying Petitioner's claim for ineffective assistance of counsel. In order to establish ineffective assistance of counsel, an individual must show counsel made an unreasonable error and the error prejudiced the defense, meaning there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Further, the individual must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 690 (citation omitted). Petitioner cannot establish his attorneys were ineffective, or he was prejudiced by their ineffectiveness through an unsound trial strategy. A strategy of claiming total innocence to the jury is sound. It would not have made sense to pursue an innocence defense and assert Petitioner should be found guilty of voluntary manslaughter. The state courts' decisions are entitled to deference because they did not unreasonably apply federal law. Therefore, this claim will be denied.

### C. *Claim 5- Self-Defense Instruction*

In his fifth claim, Petitioner claims he was given ineffective assistance of counsel when his trial counsel failed to offer a modified version of the self-defense jury instruction at trial. Specifically, Petitioner asserts the jury decided his case without knowing he could use deadly force upon another person necessary to protect himself against death, serious physical injury, or any forcible felony and no duty to retreat existed. Petitioner claims this would have changed the outcome of his trial. This claim was raised in both Petitioner's PCR motion and in his appeal from denial of his PCR motion.

The appellate court, in affirming the PCR motion court's denial of Petitioner's claim, held:

> As the record clearly reflects, it is apparent that defense counsel was aware of the modifications available in MAI-CR3d 306.06A, but made a strategic decision not to include the "forcible felony" language in the instruction submitted to the jury. Any challenged acts or omissions by counsel are presumed to be sound trial strategy and Movant bears the burden to overcome this presumption. Trial counsel cannot be deemed ineffective for making a reasonable strategic decision not to include non-mandated modifications in a jury instruction. The "forcible felony" language was clearly an optional modification that was not required in the self-defense instruction. Defense counsel's decision not to include the "forcible felony" language in the instruction was not unreasonable.
>
> Movant also fails to demonstrate that the jury was misled by Instruction No. 10. The instruction properly advised the jury that a person can lawfully use force to protect himself against an unlawful attack. The instruction also advised that in order for a person to lawfully use force in self-defense, he must reasonably believe that he is in imminent danger of harm from the other person, and if he so believes, then he is permitted to use the amount of force that he reasonably believes to be necessary to protect himself. The instruction properly advised the jury that if Movant reasonably believed that he was in imminent danger of death or serious physical injury from the acts of the victim, and if he reasonably believed that the use of deadly force was necessary to defend himself, then he acted in lawful self-defense.

ECF No. 12-10 at pgs. 14-15 (citations omitted).

The PCR motion court and the appellate court correctly applied federal law in denying Petitioner's claim for ineffective assistance of counsel. Petitioner cannot establish his attorneys were ineffective, or he was prejudiced by their ineffectiveness through an unsound trial strategy because, as the appellate court noted, the jury instruction used was explicitly chosen as a result of counsel's trial strategy. There is no evidence the strategy was unreasonable. The state courts' decisions are entitled to deference because they did not unreasonably apply federal law. Therefore, this claim will be denied.

D.  *Claim 6 – Petitioner's Video Statement*

In his sixth claim, Petitioner claims he was denied effective assistance of counsel when his trial counsel failed to make an offer of proof to admit his videotaped police statement into evidence. Specifically, he argues the failure of counsel denied him the opportunity to have the trial court reconsider its ruling with full knowledge of the excluded evidence and further denied him the opportunity for appellate review of the fairness of his trial. This claim was raised in both Petitioner's PCR motion and in his appeal from denial of his PCR motion. The appellate court, in affirming the PCR motion court's denial of Petitioner's claim, held:

> Moreover, the movant must plead facts, not speculative conclusions that would warrant relief. The purpose of an evidentiary hearing is to determine whether the facts alleged in the motion are accurate, not to provide [movant] with an opportunity to produce new facts. Here, Movant did not specify in his amended motion what exculpatory statements he purportedly made to police. Aside from bare conclusions, Movant alleged no facts to demonstrate that the statements contained on the videotape would have exonerated him or altered the outcome of the trial. Such conclusions, without more, are insufficient to show that counsel was ineffective or that he was prejudiced.
>
> Even assuming arguendo, that this claim was cognizable, Movant fails to show that his videotaped statement would have provided a viable defense or affected the outcome of the trial. In his brief on appeal, Movant asserts that the videotaped statement would have revealed that he told police that the victim had a gun, the two men struggled over the gun, Movant took the gun away from the victim, and then shot the victim in self-defense. Even if we accept that Movant made these

8

assertions to police, it does not establish that he was denied ineffective assistance of counsel or that he was prejudiced.

ECF No. 12-10 at pgs. 19-20 (citations omitted).

The PCR motion court and the appellate court correctly applied federal law in denying Petitioner's claim for ineffective assistance of counsel. Petitioner cannot establish his attorneys were ineffective or he was prejudiced by their ineffectiveness through an unsound trial strategy, because he alleged no facts which show statements made in the videotape would have exonerated him. The state courts' decisions are entitled to deference because they did not unreasonably apply federal law. Therefore, this claim will be denied.

### E. Claim 7 – 911 Call

In his seventh claim, Petitioner claims he was denied effective assistance of counsel when his trial counsel failed to make an offer of proof to admit his 911 call into evidence. Specifically, Petitioner argues he was denied the opportunity to have the trial court reconsider its ruling with full knowledge of the excluded evidence, and denied him the opportunity for appellate review of the fairness of his trial. This claim was raised in both Petitioner's PCR motion and in his appeal from denial of his PCR motion. The appellate court, in affirming the PCR motion court's denial of Petitioner's claim, held:

> Even assuming arguendo, that this issue was cognizable, Movant fails to establish that he was substantially deprived of the right to a fair trial. While Movant did not specifically allege in his amended motion what the 911 call would have revealed, he now claims this evidence would have revealed that the victim had a gun, that Movant took the gun from the victim, that the two men struggled over the gun, and that Movant shot the victim in self-defense. As noted under Point III, the jury heard this version of events at trial and rejected Movant's self-defense theory. Accordingly, we fail to discern how this evidence would have resulted in a different outcome. The motion court did not clearly err in denying this claim.

ECF No. 12-10 at pg. 22 (citations omitted).

The PCR motion court and the appellate court correctly applied federal law in denying Petitioner's claim for ineffective assistance of counsel. Petitioner cannot establish his attorneys were ineffective or he was prejudiced by their ineffectiveness through an unsound trial strategy because Petitioner has failed to show how any failure to admit the call would have changed the outcome at trial. The state courts' decisions are entitled to deference because they did not unreasonably apply federal law. Therefore, this claim will be denied.

F.  *Claim 8 – Plea Negotiations*

In claim eight, Petitioner claims his trial counsel was ineffective for failing to properly include him in plea negotiations. Specifically, he alleges his trial counsel failed to inform him of a letter from the prosecution which he asserts was a solicitation for a plea offer. This claim was raised in a PCR motion pursuant to Missouri Supreme Court Rule 91. The PCR motion court denied the claim, holding:

> Because Petitioner fails to allege what his plea offer in response to the State's inquiry would have been and any evidence indicating such an offer would have been accepted by the State, Petitioner has failed to show prejudice and his petition is denied.

ECF No. 12-13 at pg. 1.

The PCR motion court correctly applied federal law in denying Petitioner's claim for ineffective assistance of counsel. To show prejudice from ineffective assistance of counsel where a plea offer has lapsed because of counsel's deficient performance, Petitioner must demonstrate: (1) a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance; (2) reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise discretion under state law; and (3) a reasonable probability the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of

10

less prison time. *Missouri v. Frye*, 566 U.S. 134, 147 (2012). As observed by the PCR motion court, because Petitioner fails to show any facts which satisfy the elements of the *Frye* standard, the burden to prove prejudice has not been met. The state courts' decisions are entitled to deference because they did not unreasonably apply federal law. Therefore, this claim will be denied.

   G. *Claim 9 – Ineffectiveness of PCR Appeal Counsel*

In claim nine, Petitioner claims his PCR counsel was ineffective on appeal for failing to raise the issue his trial counsel was ineffective due to a conflict of interest which stemmed from disagreements about depositions and witnesses at trial. Petitioner further requests an evidentiary hearing in order to establish the ineffectiveness of his PCR appeal counsel. Petitioner raised this claim in his PCR motion, but failed to raise it in his PCR appeal.

Petitioner must raise each claim presented in his federal habeas petition, first, in state court proceedings. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Claims not presented in state court proceedings, and for which there is no remaining state court remedy, are defaulted. *Id.* To overcome a procedural default, a petitioner must show cause for not presenting the claim in state court, and prejudice from the failure, or a fundamental miscarriage of justice. *Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010). Cause for a procedural default ordinarily occurs when the petitioner can show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In order to establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence that he was innocent of the crime of which he was convicted." *Storey*, 603 F.3d at 524.

Because Petitioner failed to raise the claim in his PCR appeal it is procedurally defaulted and must be dismissed. *See Storey*, 603 F.3d at 523 ("Storey did not appeal this finding in his

11

state post-conviction appeal, and it is therefore procedurally defaulted."). The claim would not be dismissed if Petitioner could show cause and prejudice for not presenting the claims in state court or if he can show existence of a fundamental miscarriage of justice. However, because Petitioner's underlying claim here is without merit, Petitioner cannot show prejudice for not presenting the claims on PCR appeal, nor can he show the existence of a miscarriage of justice. In evaluating this claim, the PCR motion court held:

> This appears to be a disagreement over strategies, and the claim consists largely of speculation that witnesses for the State would have testified in depositions in a manner that was inconsistent with trial testimony. As for the witnesses not called, the Court has already addressed the lack of prejudice from the failure to call the witnesses. Movant has not sufficiently alleged how an actual conflict adversely effected his lawyers performance.

ECF No. 12-7 at pgs. 116-117. As the PCR motion court correctly noted, no evidence is offered to establish the prejudice required under *Strickland* beyond mere speculation on how witnesses would have acted in their depositions. Because the underlying claim of ineffective assistance of counsel at trial is without merit, Petitioner cannot overcome the burden required to survive the procedural default. The state court's decisions are entitled to deference because they did not unreasonably apply federal law. Therefore, Claim 9 will be dismissed.

IV. **CERTIFICATE OF APPEALABILITY**

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Eugene Burrell's Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1] is **DENIED** as to all counts. Petitioner Eugene Burrell's Petition is **DISMISSED**, with prejudice.

So ordered this 20th day of March, 2019.

_____
 E. RICHARD WEBBER
 SENIOR UNITED STATES DISTRICT JUDGE